THE STATE, EX REL. MOSES CONKLIN, v. JERSEY CITY.

Submitted March 28, 1898—Decided June 13, 1898.

The act of March 31st, 1897 (*Pamph. L., p.* 142), is limited by its title to "the public service of the State of New Jersey." It has no application to the employment of Union veterans in any other branch of the public service.

On rule to show cause why a *mandamus* should not issue.

Before Justices Depue, Van Syckel and Garrison.

For the relator, *McEwan & McEwan.*

For the defendant, *William P. Douglass.*

The opinion of the court was delivered by

GARRISON, J. The relator, a Union veteran soldier, asks for a *mandamus* to compel the proper authorities of Jersey City "to reinstate and appoint him to the position of permanent truckman in the fire department" of that city. As to his reinstatement, that is impossible, since he never held the place and hence could not have been discharged. He held a position of a temporary character under the act of March 27th, 1893. *Pamph. L., p.* 467; *Gen. Stat., p.* 1526. By the express terms of this statute this position ceased to exist upon the creation of the very office he now seeks. The earlier act is not repealed; it is executed.

As to the demand for appointment to the new position created by the later act, the relator's sole reliance is upon the statute of March 31st, 1897. *Pamph. L., p.* 142. His contention in this respect is that this act entitles him to "preferment" to the place in question. Without discussing the meaning to be given to this word in its context, or the validity of the act itself, it is enough to say that it does not extend to the office or position sought by the relator. By the title of this statute its operation is confined to "the public service of the State of New Jersey." This being so, the body of the act may not further extend its provisions to municipal offices. *Hendrickson* v. *Fries,* 16 *Vroom* 555.

The rule to show cause will be dismissed, with costs.